NEW YORK PRACTICE REPORTS. 273

Trustees of Columbia College, N. Y., agt. Lynch.

# NEW YORK SUPERIOR COURT.

## THE TRUSTEES OF COLUMBIA COLLEGE, N. Y., agt. ANNA W. LYNCH et al.

### Covenants running with the land.

A plaintiff, in an action brought to restrain a defendant from carrying on any kind of trade or business on certain lands, must show a privity of estate between himself and defendant in order to move the court in his behalf, because, when the land sought to be charged by the covenant is not derived from the covenantee, the consideration for the covenant is foreign to the land, and the title of the covenantor and of those taking title from him is unaffected by the covenant.

*Special Term, March,* 1874.

THIS action is brought to enjoin the defendants from carrying on any kind of trade or business on certain lands in the city of New York.

The plaintiffs claim that the defendants have violated in that respect a covenant made by Joseph D. Beers, the original owner of the property, with the plaintiffs, and through whom the defendants derive title.

*G. D. Harrison and S. P. Nash,* for the plaintiffs.

*J. Townshend and E. L. Fancher,* for the defendants.

CURTIS, *J.*—This difficulty presents itself in regard to the plaintiffs' case. There is no privity of estate between the plaintiffs and any of the defendants. The defendants' title was not derived from the plaintiffs in any manner. The covenants of the plaintiffs, which are alleged to be the consideration of the covenant on the part of Mr. Beers, are not

mutual or reciprocal, and do not restrain the plaintiffs or their grantees, but only seek to restrain their lessees and those claiming under their lessees.

The policy of the common law has always been to restrain the power of imposing burdens upon land by means of covenants, except in those cases in which an estate is transferred from the person by whom it is imposed. This has led to the principle that, where the land sought to be charged by the covenant is not derived from the covenantee, the consideration for the covenant is foreign to the land, and the title of the covenantor, and of those taking title from him, is unaffected by the covenant. It is only where there exists a privity of estate between the covenantee and the covenantor the covenant runs with the land (1 *Smith Leading Cases,* 4 *Am. ed.,* 158; *Spencer's case ; Van Rensselaer* agt. *Smith,* 27 *Barb.,* 148.; *and affirmed in Idem* agt. *Hays,* 19 *N. Y.,* 68, *and in Idem* agt. *Ball,* 19 *N. Y.,* 100; *Hurd* agt. *Curtis,* 19 *Pick.,* 459; 1 *Shep. Touch.,* 1 *Am. ed., p.* 179, *and note ; Till. Adams on Eject.,* 73; *Harsha* agt. *Reid,* 45 *N. Y.,* 418, 419).

Applying these views to the case under consideration, neither the title of Beers or of those deriving title from him can be affected in any manner by the covenant he entered into with the plaintiffs. The covenant is not one that, under the circumstances, can run with the land; and if, for want of privity between the parties, it originally imposed no burden upon the land, and failed to affect the title of Beers, the making of the subsequent conveyances, down to the defendants, subject to it, could not operate to place any greater restraint on the defendants, or to change their status in that respect from that of Beers originally.

The cases cited to establish the right of the plaintiffs to the relief prayed appear to be those in which the title of the various owners was derived from a common grantor, and where the covenants were mutual (*Tallmadge* agt. *East River Bank,* 2 *Duer,* 614; 26 *N. Y.,* 105; *Perkins* agt. *Codding-*

Trustees of Columbia College, N. Y., agt. Lynch.

*ton,* 4 *Robt.*, 647); they differ in these important elements from the present case.

It cannot fail to be seen that, notwithstanding the agreement between Beers and the plaintiffs, the latter may be in a position to carry on any kind of business upon their adjacent land without any restraint being imposed upon them by the terms of this covenant, and which, if it has any force, may affect the defendants with great stringency.

A restriction as to the carrying on of any trade, or of any noxious or offensive business, has some known and well-defined lines and boundaries; but a restriction against the permitting or carrying on of any business whatsoever, considering the very extended meaning and application of that word "business," invades an area of interests and pursuits not easily estimated, and more or less affects the vital interests of the public. The word "business" is defined by Mr. Webster as "that which occupies the time, attention and labor of men, for the purpose of profit or improvement." It would be an unwise policy to exclude, from any part of a large city, the elevating and beneficent influences springing from literary, scientific, professional and artistic employments and pursuits, and tend to reduce its occupants to a condition of chronic somnolency or imbecility; and yet the terms of this covenant might be invoked to sustain such a claim.

The covenant sought to be enforced by the plaintiffs is liable to be made very objectionable. It is liable to conflict with the public welfare, and retard the advancement, morally, socially and pecuniarily, of the community. It is urged by the plaintiffs that in a free country one ought not to be arbitrarily restrained from doing as he pleases with his own property, and, if he pleases, subjecting that property to restrictions. Still, this has its limits, and the ancient obligation, "*sic utere tuo ut alienum non laedos,*" cannot be wholly disregarded. It is to be observed that the plaintiffs, while they are at liberty to convey their own property, subject to restrictions and conditions, are by this suit seeking to

enforce restrictions upon the property of other parties not deriving title from them, and which restrictions were made by other parties than the plaintiffs. The difference is very great where the granted premises are affected by a condition in favor of the grantor, or where two adjoining owners make an agreement; since, in the former case, independent of the conveyance, neither estate nor burden of covenant would have reached the grantee, and he is in no condition to complain.

From such consideration as I have given the case, I have come to the conclusion that it is not one where the court should grant the equitable relief sought, and that the complaint should be dismissed, with costs.